1
2
3
4                        **UNITED STATES DISTRICT COURT**
                              **DISTRICT OF NEVADA**
5
6
7
   In re:                              )        2:10-cv-00726-ECR-GWF
8                                      )
   BARBARA MELINDA HENSON,             )
9                                      )        **<u>Order</u>**
        Debtor.                        )
10 _____)
                                       )
11 BRIAN D. SHAPIRO, TRUSTEE OF THE    )
   BANKRUPTCY ESTATE OF                )
12 BARBARA MELINDA HENSON,             )
                                       )
13      Appellant,                     )
                                       )
14 vs.                                 )
                                       )
15 BARBARA MELINDA HENSON,             )
                                       )
16      Appellee.                      )
                                       )
17 _____)

18
        This case is an appeal from an order of the bankruptcy court,
19
   docketed on May 6, 2010, denying Appellant's "Motion for Turnover of
20
   Funds in Addition to Motion to Extend Time to Object to Discharge."
21
   The question presented by the appeal is whether, under 11 U.S.C. §
22
   542(a), a debtor who was in possession of non-exempt funds at the
23
   time of filing bankruptcy is required to turn over the value of
24
   those funds to the trustee when she no longer has possession of the
25
   funds when the motion for turnover is filed.  The bankruptcy court
26
   ruled that possession is required for turnover.  For the reasons
27
   stated below, the bankruptcy court's order will be affirmed.
28

### I. Factual and Procedural Background

On August 7, 2009, Barbara Melinda Henson ("Appellee" or "Debtor") filed a Chapter 7 bankruptcy proceeding. (Appellant's Opening Br. Ex. 1 (#7-2).) On that date, Brian D. Shapiro ("Appellant" or "Trustee") was appointed as the Chapter 7 Trustee. (Appellant's Opening Br. Ex. 2 (#7-3).) Debtor provided Trustee with bank statements reflecting that as of August 7, 2009, when Debtor filed for bankruptcy, Debtor maintained a balance in her account in the amount of $6,155.19[1] which was not claimed to be exempt. (Appellant's Opening Br. Ex. 3, 5 (##7-3, 7-4).) Trustee made demand for the nonexempt funds in the amount of $6,155.19, but Debtor did not provide the funds. (Appellant's Opening Br. Ex. 4, 6 (##7-4, 7-5).)

On November 10, 2009, Trustee filed a "Motion for Turnover of Funds in Addition to Motion to Extend Time to Object to Discharge." (Appellant's Opening Br. Ex. 4 (#7-4).) On November 20, 2009, Debtor filed her opposition to the motion for turnover. (Appellant's Opening Br. Ex. 6 (#7-5).) Debtor disclosed that $3,239.00 of the $6,155.19 had been transferred to Debtor's bankruptcy counsel after the filing of the bankruptcy case. (Id.) At a hearing held on December 16, 2009, Trustee orally amended his motion for turnover to exclude the amounts transferred to Debtor's

---

[1] We note that there is a discrepancy between Appellant and Appellee's statement of the facts regarding the total amount that was non-exempt. The statement of facts contained in Appellant's opening brief provides that the amount initially sought was $6,955.19 rather than $6,155.19. (Appellant's Opening Br. at 5 (#7).) Appellee explains, in her answering brief, that $800 of that $6155.19 was exempt. (Appellee's Answering Br. at 7 (#8).) Appellant does not expressly address this argument, but the amount he ultimately seeks through his motion for turnover is in accordance with Appellee's statement that $800 of the $6,955.19 was exempt.

counsel, which he pursued separately.   (Appellant's Opening Br. Ex.
7 (#7-6).)

At a hearing held on April 19, 2010, the bankruptcy court
denied Trustee's motion for turnover.   (Appellant's Opening Br. Ex.
11 (#7-8).)   The order denying the motion was docketed on May 6,
2010.  (Appellant's Opening Br. Ex. 12 (#7-8).)  On May 17, 2010,
Trustee appealed the bankruptcy court's denial of his motion for
turnover.  On the same date, Trustee filed an election to have the
appeal heard by the United States District Court.

Appellant's opening brief (#7) was filed on February 3, 2011.
Appellee's answering brief (#8) was filed on February 23, 2011.
Appellant's reply brief (#9) was filed on March 9, 2011.

## II. Jurisdiction

The district courts have jurisdiction to hear appeals from
"final judgments, orders, and decrees" of the bankruptcy court
pursuant to 28 U.S.C. § 158(a)(1), as well as certain interlocutory
orders described in 28 U.S.C. § 158(a)(2).  A party may also, "with
leave of the court," appeal from other interlocutory orders and
decrees pursuant to 28 U.S.C. § 158(a)(3).  See In re City of Desert
Hot Springs, 339 F.3d 782, 787 (9th Cir. 2003) (noting that the
district court must hear appeals from final decisions of the
bankruptcy courts, but it is within the discretion of the district
court to hear appeals of interlocutory orders).

Here, the bankruptcy court's order with respect to Appellant's
motion constitutes a final order within the meaning of 28 U.S.C.
§ 158(a)(1) because it represents the bankruptcy court's final

resolution of the parties' rights with regard to Appellant's claim. See id. at 788 (describing the Ninth Circuit's "'pragmatic' approach to deciding whether orders in bankruptcy cases are final, 'recognizing that certain proceedings in a bankruptcy case are so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right.'") (quoting In re Mason, 709 F.2d 1313, 1317 (9th Cir. 1983)).  As such, we have jurisdiction over the appeal pursuant to section 158(a).

### III. Standard of Review

We review the bankruptcy court's interpretation of 11 U.S.C. § 542(a) de novo.  In re LPM Corp., 300 F.3d 1134, 1136 (9th Cir. 2002).

### IV. Discussion

The bankruptcy court held that the checks written pre-petition by Debtor became property of the estate because they had not been honored when Debtor filed for bankruptcy.  Despite this conclusion, the bankruptcy court held that because Debtor no longer had possession of the funds when the motion for turnover was filed, Trustee could not compel turnover of the value of those funds pursuant to 11 U.S.C. § 542(a).  11 U.S.C. § 542(a) provides that:

> Except as provided in subsection (c) or (d) of
> this section, an entity, other than a custodian,
> in possession, custody, or control, during the
> case, of property that the trustee may use, sell,

4

1            or lease under section 363 of this title, or that

2            the debtor may exempt under section 522 of this

3            title, shall deliver to the trustee, and account

4            for, such property or the value of such property,

5            unless such property is of inconsequential value

6            or benefit to the estate.

7     Currently, Courts of Appeals are split on whether a trustee can

8 compel turnover from an entity that no longer has possession of the

9 property.  The Fourth and Seventh Circuits and the Sixth Circuit

10 bankruptcy appellate panel do not require possession.  In re

11 Shearin, 224 F.3d 353 (4th Cir. 2000); In re USA Diversified Prods.,

12 Inc., 100 F.3d 53 (7th Cir. 1996); In re Bailey, 380 B.R. 486 (6th

13 Cir. BAP 2008).  The Ninth Circuit has not ruled on this particular

14 issue.  The Eighth Circuit, however, requires possession.  In re

15 Pyatt, 486 F.3d 423 (8th Cir. 2007).  The bankruptcy court in this

16 case based its holding on the Eighth Circuit's interpretation of 11

17 U.S.C. § 542(a) in Pyatt.  The court in Pyatt faced a set of facts

18 remarkably similar to those in this case, and found that when a

19 debtor writes checks pre-petition that are honored post-petition,

20 the debtor is not required to turn over the value of the funds under

21 sec. 542(a).  Id.  The Eighth Circuit based its decision in part on

22 a pre-Bankruptcy Code case holding that a trustee may compel

23 turnover only from entities which have control of property of the

24 estate or its proceeds at the time of the turnover demand.  Id.

25 428; see also Maggio v. Zeitz, 333 U.S. 56 (1948).

26     The Fourth and Seventh Circuit, as well as the Sixth Circuit

27 bankruptcy appellate panel, hold that possession is not required

28

because of the language in sec. 542(a) that an entity shall deliver the property, or the value of such property. See In re Shearin, 224 F.3d at 356; In re USA Diversified Prods., 100 F.3d at 56; In re Bailey, 380 B.R. at 492. We agree with the reasoning in Pyatt, in which the Eighth Circuit considered that argument and expressly rejected it. In the pre-Bankruptcy Code case Maggio, the Supreme Court reversed the lower court's contempt order on a debtor who was unable to turnover property of the estate that it no longer possessed. 333 U.S. at 77. In short, pre-Code practice was that turnover "is appropriate only when the evidence satisfactorily establishes the existence of the property or its proceeds, and possession thereof by the defendant at the time of the proceeding." Id. at 63-64. The Supreme Court further clarifies that courts should not look to the date of bankruptcy as the time to which the inquiry of possession is directed, but rather to the time that a turnover proceeding is instituted. Id. at 64. In this case, Debtor does not possess the property or the proceeds of the property. There is no allegation of fraudulent intent on her part when she wrote the checks pre-petition. Therefore, under pre-Code practice, Debtor would not be required to turn over the funds Trustee now seeks. The Bankruptcy Code does not expressly change this result. The language requiring turnover of the value of the funds may simply correspond to the pre-Code practice of allowing turnover of the proceeds of the property. If the Bankruptcy Code was intended to abrogate the established pre-Code practice of requiring possession of the property or its proceeds, such intention could have been expressed more clearly.

Nor is Trustee left without an adequate remedy under the interpretation that a motion to compel turnover may only succeed when the entity has current possession of the property.  Unlike the turnover provision, which governs the duty of an entity in possession of property of the estate during the case to turn over the property or the value of such property, sec. 549 expressly provides that "the trustee may avoid a transfer of property of the estate" that occurs post-petition.  11 U.S.C. § 549(a); see also In re Pyatt, 486 F.3d at 428.  In this case, Trustee chose not to prosecute the creditors who received the funds post-petition from checks written pre-petition, but does not dispute that he had the option of doing so in order to recover the funds.

Finally, we note that under Trustee's interpretation of sec. 542(a), Trustee might have obtained double satisfaction by proceeding against the debtor through a motion for turnover, and against the creditors through motions to avoid post-petition transfers of property of the estate.  See In re Pyatt, 486 F.3d at 427-428.  If possession is not required, nothing in sec. 542(a) or the provision governing double satisfaction would prevent Trustee from doing so.  11 U.S.C. §§ 542(a), 550(d).  Double satisfaction under sections 544, 545, 547, 548, 549, 553(b), or 724(a) is expressly prohibited under 11 U.S.C. § 550(d).  That provision does not include any reference to sec. 542(a), and the absence of such a prohibition lends credence to our interpretation that sec. 542(a) requires present possession of the property or its proceeds.  Our interpretation would neatly limit the appropriate defendants of a turnover proceeding and the possibility of double satisfaction

without resort to an express provision such as sec. 550(d), as well as being in accordance with pre-Code practice. See In re Pyatt, 496 F.3d at 427-428.

For the foregoing reasons, we conclude that a trustee may not compel turnover from an entity unless the entity is in present possession[2] of the property sought, or its proceeds, and therefore, the bankruptcy court's denial of Appellant's motion for turnover will be affirmed.

## V. Conclusion

Under 11 U.S.C. § 542(a), a trustee may not compel turnover of property of the estate unless the entity against whom the trustee seeks turnover is in possession of the property sought, or its proceeds, at the time the motion for turnover is filed.  In this case, Debtor was not in possession of the funds Trustee seeks, nor its proceeds, when the motion for turnover was filed.  Therefore, the bankruptcy court's order denying Trustee's motion for turnover will be affirmed.

**IT IS, THEREFORE, HEREBY ORDERED** that the bankruptcy court's Order of May 6, 2010, denying Appellant's "Motion for Turnover of

---

[2] A different question is presented when an entity in possession of property of the estate at the time a motion for turnover is filed transfers possession rather than complying with such motion or order of the bankruptcy court.  At the very least, such circumstances would require an inquiry into fraudulent intent.  That issue is not presented here, and we do not address any remedies the bankruptcy court or a trustee may have under such circumstances.

1   Funds in Addition to Motion to Extend Time to Object to Discharge"

2   is **AFFIRMED**.

3

4        The Clerk shall enter judgment accordingly.

5

6   DATED: March 29, 2011.

7

8                                        _____

9                                        UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28