**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | 2:10-cv-00726-ECR-GWF |
| BARBARA MELINDA HENSON, | BK-S-09-24347-LBR |
|     Debtor. | Chapter 7 |
| BRIAN D. SHAPIRO, TRUSTEE OF THE BANKRUPTCY ESTATE OF BARBARA MELINDA HENSON, | |
|     Appellant, | |
| vs. | **Order** |
| BARBARA MELINDA HENSON, | |
|     Appellee. | |

Judgment was entered on March 29, 2011, after the Court affirmed (#10) the bankruptcy court on appeal. On April 1, 2011, Appellee Barbara Melinda Henson ("Appellee" or "Henson") filed a Motion for Attorney's Fees and Costs (#12). On April 14, 2011, Appellant Brian D. Shapiro ("Appellant" or "Shapiro") filed an opposition (#13). On April 22, 2011, prior to our ruling on the motion for attorney's fees (#12), a notice of appeal (#14) with respect to the judgment (#11) was filed.

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those

aspects of the case involved in the appeal." <u>Griggs v. Provident Consumer Disc. Co.</u>, 459 U.S. 56, 58 (1982) (per curiam).  Here, the notice of appeal was filed after the motion for attorney's fees (#12) was filed, but before the Court decided the motion for attorney's fees (#12).

In <u>Masalosalo by Masalosalo v. Stonewall Ins. Co.</u>[1], the Court of Appeals for the Ninth Circuit held that an appeal from the merits does not foreclose an award of attorneys' fees by the district court. 718 F.2d 955, 956 (9th Cir. 1983)(citations omitted). Allowing the district court retain jurisdiction to consider a motion for attorney's fees "will prevent hasty consideration of postjudgment fee motions" and "will prevent postponement of fee consideration until after the circuit court mandate, when the relevant circumstances will no longer be fresh in the mind of the district judge." <u>Id.</u>  The Ninth Circuit also noted that if the district court rules on the fees motion, the losing party may file an appeal from the district court's order on the motion for attorney's fees and have that appeal consolidated with the appeal on the merits.  <u>Id.</u>

Appellee asks that the Court award attorney's fees in the amount of $3,367.00.  Appellee has provided an itemization and description of the work performed by the attorney, a brief summary

---

[1] This decision pre-dates the 1993 amendment to the Federal Rules, which added the fourteen-day time limit for motions for attorney's fees. Federal Rule of Civil Procedure 54 now requires that a motion for attorney's fees must be filed no later than fourteen days after the entry of judgment.

2

of the fees awarded in the bankruptcy court's order, and a spreadsheet of the time and labor expended on the appeal.

    Appellee has set forth no compelling right to attorney's fees in the appeal from the bankruptcy court. There is no statutory or contractual authority entitling her to an award of attorney's fees. Furthermore, Appellee appears to be requesting an amount that includes fees incurred in the bankruptcy case.  Appellee appears to cite 28 U.S.C. § 1447(c) in support of her argument for fees.  That provision allows fees when a case removed to federal court is remanded back to state court, and is inapplicable to this case, which is an appeal from a decision of the bankruptcy court. Appellee also cites the five-factor balancing test found in <u>Hummel v. S. E. Rykoff & Co.</u> in support of her motion for fees (#12).  634 F.2d 446, 453 (9th Cir. 1980).  This is not a case involving bad faith or the need for deterrence, and therefore find that Appellee is not entitled to attorney's fees.

    Appellee also included her bill of costs in this motion (#12). The bill of costs would normally be filed separately, but because it was included, Appellant made his objections in his opposition (#13) to Appellee's motion (#12).  While he acknowledges that Appellee is the prevailing party and is entitled to costs, he asserts that the bill of costs attached to Appellee's motion (#12) includes costs for the motion heard by the bankruptcy court as well as costs incurred regarding the appeal, which is improper.  Furthermore, Appellant notes that although there is an itemization of the costs, there are no other supporting documents attached evidencing the costs of expenses.  The bill of costs should have been filed with the Clerk

3

of the Court within fourteen days of the judgment.  Because Appellee filed the bill of costs as an attachment to this motion (#12) within fourteen days of the judgment, we shall grant Appellee additional time within which to file a proper bill of costs, including any supporting documentation of requested costs in accordance with Local Rule 54-1.

**IT IS, THEREFORE, HEREBY ORDERED** that Appellee's Motion for Attorney's Fees (#12) is **DENIED**.  Appellee may file a bill of costs within fourteen (14) days of the date of entry of this Order, and Appellant may file an objection within fourteen (14) days after service of the bill of costs.

DATED: November 4, 2011.

_____
UNITED STATES DISTRICT JUDGE

4